1  Matthew O. Stromquist
   PILGRIM CHRISTAKIS LLP
2  321 N. Clark Street, 26th Floor
   Chicago, Illinois 60654
3  Telephone: (312) 361-3457
   mstromquist@pilgrimchristakis.com
4  (Admitted *Pro Hac Vice*)

5  Matthew C. Addison (NSBN 4201)
   Sarah A. Ferguson (NSBN 14515)
6  McDONALD CARANO LLP
   100 W. Liberty Street, Tenth Floor
7  Reno, NV 89501
   Telephone: (775) 788-2000
8  maddison@mcdonaldcarano.com
   sferguson@mcdonaldcarano.com
9
   *Attorneys for Defendant*
10 *First Contact LLC*

11            **IN THE UNITED STATES DISTRICT COURT**

12              **FOR THE DISTRICT OF NEVADA**

13 REBECCA GOTTSCHALK,

14            Plaintiff,                    Case No. 2:20-CV-01307-JCM-DJA

15    vs.                                   **DEFENDANT FIRST CONTACT LLC'S
                                            REPLY IN SUPPORT OF ITS MOTION
16                                          TO DISMISS PLAINTIFF'S COMPLAINT
   FIRST CONTACT LLC,                       FOR LACK OF PERSONAL
17                                          JURISDICTION**
            Defendant.
18

19

20        Defendant First Contact LLC ("First Contact"), by undersigned counsel, files the

21 following Reply in Support of its Motion to Dismiss Plaintiff's Complaint For Lack of Personal

22 Jurisdiction.

23                          **INTRODUCTION**

24        Plaintiff's Opposition to First Contact's Motion is an exercise in distraction and

25 avoidance of relevant law and reflects a fundamental misunderstanding of the limits of federal

26 due process. First, while Plaintiff concedes the Court does not have general jurisdiction over

27 First Contact, she nonetheless urges the Court to exercise specific personal jurisdiction over

28 First Contact solely because of First Contact's separate purported contract with Credit One

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

McDONALD ✦ CARANO

100 WEST LIBERTY STREET, TENTH FLOOR ✦ RENO, NEVADA 89501
PHONE 775.788.2000 ✦ FAX 775.788.2020

1   Bank. Plaintiff's theory is that First Contact "purposefully availed" itself of the privilege of

2   conducting business with Credit One in Nevada, thereby succumbing to this Court's

3   jurisdictional reach. Not only is this the wrong jurisdictional test, but if accepted, this theory of

4   personal jurisdiction would eviscerate the distinction between general and specific jurisdiction.

5   Simply because First Contact may have a contract with a third-party which Nevada law may

6   control does not mean that it can then be subject to the Court's jurisdiction for all purposes.

7   Plaintiff ignores that it is First Contact's specific "suit-related conduct" (*i.e.* its conduct directed

8   at Plaintiff that gives rise to her claims) that must "create a substantial connection with

9   [Nevada]" in order for this Court to exercise specific personal jurisdiction. *Walden v. Fiore*, 571

10  U.S. 1115, 1121 (2014). Plaintiff has failed meet her burden in establishing that jurisdiction is

11  proper and the Complaint should be dismissed.

12  **<u>ARGUMENT</u>**

13      Plaintiff's attempts to argue that because First Contact's purported agreement with Credit

14  One is governed by Nevada law, and it purportedly waived objections to personal jurisdiction

15  solely for purposes of "any action to enforce the terms" of its agreement with Credit One, First

16  Contact has submitted to the jurisdiction of this Court for all purposes.  None of Plaintiff's

17  authority supports this assertion and it's contrary to controlling law. *See Bristol-Myers Squibb*

18  *Co. v. Superior Court*, 137 S.Ct. 1773, 1781 (2017) ("As we have explained, a defendant's

19  relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction.");

20  *Axiom Foods, Inc. v. Acerchem International, Inc*., 874 F.3d 1064, 1068 (9th Cir. 2017)

21  (explaining that a defendant's relationship with any third-party is an insufficient basis for

22  jurisdiction).[1]

23  _____

24  [1] Plaintiff relies on an unauthenticated document she describes as a "template" of an agreement
    that she asserts likely exists between First Contact and Credit One. This Court should not even
25  consider this "template" as reflective of the terms of any contract between First Contact and
    Credit One. References to the contracting party are concealed and it does not even purport to be
26  the actual agreement between First Contact and Credit One. There is no business record affidavit
    to attest to its authenticity or make it anything other than inadmissible hearsay irrelevant to the
27  Court's determination. In no way can this document be considered "incorporated by reference"
    and thus considered as part of a motion to dismiss. *See Coto Settlement v. Eisenberg*, 593 F.3d
28  1031, 1038 (9th Cir. 2010) ("[W]e have extended the doctrine of incorporation by reference to

McDONALD CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

1

## I.       The "Purposeful Availment" Test Is Irrelevant to Plaintiff's Tort-Based Claims.

First Contact's Motion explained that the first prong of the jurisdictional test looks at whether the defendant has performed some act or transaction within the forum or purposefully availed itself of the privilege of conducting activities within the forum. (Mot. at 5.) The Motion also detailed that Plaintiff failed to plead any "suit-related conduct" by First Contact "purposefully-directed" at Nevada. (*Id*.) But Plaintiff in her Response only discusses the "purposeful availment" test, ignoring that "purposeful direction and purposeful availment are two distinct concepts," and which one is to be used depends on the nature of Plaintiff's claim. *Moose Run, LLC v. Libric*, 2019 WL 1261103, at *4 (D. Nev. March 19, 2019). *Only where* Plaintiff's claims sound in contract does a court employ the "purposeful availment" test. *See Morrill v. Scott Financial Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). And where, like here, Plaintiff's claims allege tortious conduct (*i.e.* harassing and abusive telephone calls),[2] the "purposeful direction" test is used. *Id*. (explaining that because "the claims at issue are premised on alleged tortious conduct . . . . the purposeful availment test does not apply"); *see also Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004). Plaintiff does not even mention, much less argue, that jurisdiction is proper due to First Contact "purposefully directing" its activities at Nevada, instead relying solely on the wrong test. For this reason alone, Plaintiff has waived or conceded this issue and First Contact's Motion should be granted. *See Jacobsen v. Clear Recon Corp*., 2016 WL 4555622, at *5 (D. Nev. Aug. 31, 2016) *aff'd sub nom. Jacobsen v. Clear Recon Corp.*, 738 F. App'x 501 (9th Cir. 2018) (failure to respond to argument in opposition brief means Plaintiff concedes the argument).

And under the correct test ("purposeful direction"), Plaintiff has to show that First

_____

consider documents in situations where . . . the document's authenticity is not in question and there are no disputed issues as to the document's relevance.") In any event, even if the Court were to consider it, it is irrelevant to the jurisdictional analysis for all of the reasons set forth herein.

[2] Courts have repeatedly explained that purported TCPA and FDCPA violations are alleged "tortious acts." *See, e.g., Keim v. ADF MidAtlantic, LLC*, 199 F.Supp.2d 1362, 1367 (S.D. Fla. 2016); *Hand v. Beach Entertainment KC, LLC*, 425 F.Supp.3d 1096, 1107 (W.D. Mo. 2019); *US Fax Law Center, Inc. v. iHire, Inc*., 362 F.Supp.2d 1248, 1252 (D. Colo. 2005).

3

McDONALD ❖ CARANO

100 WEST LIBERTY STREET, TENTH FLOOR ● RENO, NEVADA 89501
PHONE 775.788.2000 ● FAX 775.788.2020

Contact "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger* 374 F.3d at 802 (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). Again, Plaintiff does not even respond to First Contact's argument that none of its "suit-related conduct" was purposefully-directed at Nevada, and it's plain from the face of Plaintiff's Complaint that all of First Contact's alleged "suit-related conduct" was directed at Plaintiff in Pennsylvania. (Mot. at 5-6.) *See Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015) (court must analyze the specific conduct giving rise Plaintiff's claims and determine whether the injury Plaintiff suffered is sufficiently "tethered" to the forum state in a "meaningful" way). Indeed, where personal jurisdiction is contested in suits alleging TCPA and FDCPA violations, courts always analyze whether the defendant's communications at issue were directed at the plaintiff in the forum state where jurisdiction is alleged to exist. *See, e.g., Hand*, 425 F.Supp.3d at 1107 (plaintiff's TCPA claim, on behalf of a putative class, and based on defendant having sent "approximately one-hundred thousand text messages" to Missouri residents sufficient to confer specific personal jurisdiction in Missouri over defendant). In short, jurisdiction must fail because Plaintiff fails to allege any (1) intentional act by First Contact, (2) expressly aimed at Nevada, (3) causing harm that the First Contact knows is likely to be suffered in Nevada. *Moose Run*, 2019 WL 1261103, at *5.[3] Because Plaintiff has failed to meet her burden with respect to the first prong, her Complaint should be dismissed and the Court need not even address the other factors. *See Omeluk v. Langstein Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) (All three factors must exist for personal jurisdiction to apply).

---

[3] Plaintiff's authority misses the mark. All of Plaintiff's cited cases relate to instances where a plaintiff's claims allege (and arise out of) a breach of contract and invoke the "purposeful availment" test, which is irrelevant in the context of Plaintiff's tort-based claims in this action. For instance, *CC Mexicano.US, LLC v. Aero II Aviation, Inc.* involved a claim of breach of contract between the parties over a financing deal that was negotiated and entered into in Nevada and specifically provided it was to be governed by Nevada law. 2014 WL 3783937, at *3 (D. Nev. July 31, 2014). So Defendant's "suit-related conduct" at issue (*i.e.* the purported breach of contract) was directly related to Defendant's "purposeful availment" of Nevada law. There is no authority for Plaintiff's attempt to stretch the "purposeful availment" test to First Contact's contracts with third-parties.

## II.     Plaintiff's Claims Do Not Arise Out Of First Contact's Forum-Related Activities

Plaintiff also fails to meet her burden with respect to the second prong of the jurisdictional test: whether her claims arise out of First Contact's forum-related activities. Plaintiff once again ignores First Contact's allege "suit-related conduct," which is all allegedly aimed at Plaintiff in Pennsylvania, and instead relies solely on a template she alleges is First Contact's purported vendor agreement with Credit One. Plaintiff alleges that "but for" First Contact's contract with Credit One, her claims would not have arisen. (Resp. at 8-9.) But this clearly stretches the Court's "but for" test too far and is far afield of the kind of "suit-related conduct" the Court must analyze.

As the Supreme Court clarified in *Bristol-Myers Squibb Co.*, to satisfy the second prong of the specific-jurisdiction analysis, "there must be 'an affiliation between the forum and the underlying controversy, principally [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." 137 S.Ct. at 1780. The Ninth Circuit's "but for" test thus determines "*whether a particular claim arises out of forum-related activities* and thereby satisfies the second requirement for specific jurisdiction." *Chunyun Wang v. Korean Airlines Co., Ltd.*, 2021 WL 76954, at *4 (D. Nev. Jan. 8, 2021) (emphasis added.) Accordingly, a plaintiff "must demonstrate that her [claim] arises out of the [defendant's] local conduct." *Id.* In other words, this Court must look at whether Plaintiff's injury "arises from" First Contact's Nevada contacts, meaning that a "direct nexus" must exist between those contacts and her cause of action. *Id.*

The "but for" requirement thus "goes to the heart of minimum contacts and creates the distinction between specific and general jurisdiction." *Sego v. Geneva Aviation, Inc.*, 2006 WL 8440660, at *6 (D. Ariz. Mar. 31, 2006). Here, Plaintiff's claims "arise out of" First Contact's purported forum-related contacts in Pennsylvania where Plaintiff alleges she received the calls and where her injury occurred. Plaintiff's reliance on First Contact's purported contract with Credit One shows again how far afield her jurisdictional argument lies, as she has wrongly conflated the general and specific jurisdictional tests. If Plaintiff's theory is accepted, any

consumer from any of the other forty-nine states could demand their claims be heard in Nevada courts for conduct directed at them—and for purported injuries sustained—elsewhere. This would obviously turn the law of limited specific personal jurisdiction on its head, allowing courts to exercise what in essence would be general jurisdiction over claims that have no connection with the forum state whatsoever, all because Plaintiff (wrongly) asserts that First Contact has somehow "purposefully availed" itself of Nevada law in its separate contract with Credit One.[4] There is no authority for this proposition. Plaintiff has failed to meet her burden and her Complaint should be dismissed.

And lastly, while First Contact's Motion argued that exercising jurisdiction over First Contact would offend traditional notions of fair play and substantial justice and thus be unreasonable, Plaintiff argues in her Response that First Contact has "purposefully injected" itself into Nevada and the state has a compelling interest in adjudicating this dispute. (Resp. at 9-12.) Again, Plaintiff focuses on entirely the wrong issue. With respect to Plaintiff's claims, First Contact has not purposefully injected itself into Nevada at all, nor has it engaged in *any* conduct involving this Plaintiff in Nevada. And Nevada cannot seriously be said to have an interest in the adjudication of this dispute. Otherwise, the doors of federal court in Nevada would be wide open to adjudicate the disputes of the claims of plaintiffs in all other states that have no connection to Nevada whatsoever. No harm is alleged to have been suffered in Nevada, nor is any of the suit-related conduct alleged to have occurred here.

/ / /

/ / /

/ / /

/ / /

---

[4] Moreover, Plaintiff's argument that First Contact "actively conspired with Credit One" to violate her rights is baseless and nowhere alleged in her Complaint. Her injuries are alleged to have been sustained because of the nature of the calls she received in Pennsylvania, not the fact itself of anything having to do with First Contact's agreement with Credit One. Plaintiff's claim is in no way dependent on anything contained in or in any way related to the vendor agreement. In other words, Plaintiff would have alleged and sustained the same purported injuries if she had received the same calls from First Contact in Pennsylvania even if no such vendor agreement existed. The agreement is thus clearly not the "but for" cause of her injuries.

McDONALD CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

## **CONCLUSION**

For the reasons set forth above and in its Motion, First Contact respectfully requests that the Court grant its motion to dismiss Plaintiff's complaint for lack of personal jurisdiction.

DATED this 13th day of January, 2021.

PILGRIM CHRISTAKIS LLP


By: /s/ Sarah A. Ferguson
Matthew O. Stromquist
321 N. Clark Street, 26th Floor
Chicago, Illinois 60654
Telephone: (312) 361-3457
(Admitted *Pro Hac Vice)*

Matthew C. Addison (NSBN 4201)
Sarah A. Ferguson (NSBN 14515)
MCDONALD CARANO LLP
100 W. Liberty Street, Tenth Floor
Reno, NV 89501
Telephone: (775) 788-2000

*Attorneys for Defendant*
*First Contact LLC*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify, under penalty of perjury, that I am an employee of McDonald Carano LLP and that pursuant to FRCP 5, I caused to be electronically filed on this date a true and correct copy of the within with the Clerk of the Court using the CM/ECF system, which will automatically e-serve the same on the attorney of record set forth below.

Price Law Group, APC
Steven Alpert
5490 S. Rainbow Blvd., Suite 3014
Las Vegas, Nevada 89118
Telephone: (702) 794-2008
alpert@pricelawgroup.com
cpservice@pricelawgroup.com

DATED this 13th day of January, 2021.

_____
*/s/ Nancy A. Hoy*
An employee of McDonald Carano LLP

4816-4293-4486, v. 1

8